JAMES B. HICKS, SBN 109117
GARY W. PARK, SBN 173390
HICKS | PARK LLP
824 Wilshire Blvd., Suite 200
Los Angeles, California 90017
Tel.: (213) 612-0007 / Fax: (213) 612-0373
Email: jhicks@hicksparklaw.com

Attorneys for Plaintiff
JAMES B. HICKS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JAMES B. HICKS,

Plaintiff,

vs.

TILTWARE, LLC,

Defendants.

Case No. CV 09-3009 FMC (PJWx)

**PLAINTIFF'S RESPONSE TO OSC RE DISMISSAL FOR SUBJECT MATTER JURISDICTION**

On June 8, 2009, the Court issued an OSC re dismissal for lack of subject matter jurisdiction, on the grounds that "[j]urisdiction is asserted on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331 but it … is not clear that there is a private right of action under 31 U.S.C. §5365." Yet plaintiff is not asserting a private right of action under that statute, but is instead suing under California's Business & Professions Code §17200, which generally prohibits unfair and unlawful business practices, and permits a claim if a business practice violates some other law – in effect, "borrowing" violations of that other law and treating them as unlawful practices which are independently actionable under Section 17200. *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992). Thus, business practices that violate federal law may be redressed under Section 17200 – *Renick v. Dun & Bradstreet Receivable Mgt. Services*, 290 F.3d 1055, 1057-58 (9th Cir. 2002) – so federal subject matter jurisdiction exists. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918

(5th Cir. 2001).

The general rule is that federal jurisdiction exists if "(1) a federal right is an essential element of [the] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.*, 243 F.3d at 918. All three prongs of this test are met here:

1. As the Complaint alleges, "the Unlawful Internet Gambling Enforcement Act, 31 U.S.C. §5361 *et seq*., generally prohibits the funding or acceptance of any payment for unlawful internet gambling, and defines an illegal bet or wager as including 'the staking or risking by any person of something of value upon the outcome of … a game subject to chance, upon an agreement or understanding that the person or another person will receive something of value in the event of a certain outcome,' with exceptions not applicable here," and "defendants operate an internet gambling website across state lines; solicit consumers to play poker for money on the www.fulltiltpoker.com website; and are funding and/or accepting payments for unlawful internet gambling, by which they have taken income of several billion dollars from their internet gambling operations." Complaint ¶¶14, 16. Defendants' "conduct violates the Unlawful Internet Gambling Enforcement Act … , in violation of California Business & Professions Code §17200." *Id.* at ¶¶16-17.

Thus, plaintiff's Section 17200 claim "borrows" defendants' alleged violations of federal law (*see Farmers Ins. Exchange, supra*, 2 Cal.4th at 383), and so "a federal right is an essential element of [the Section 17200] state claim." *Howery, supra*, 243 F.3d at 918.

2. Similarly, unless defendants' conduct violates the Unlawful Internet Gambling Enforcement Act, or some other law or federal statute, there is no violation of Section 17200 either, and "interpretation of the federal right is necessary to resolve the case." *Howery, supra,* 243 F.3d at 918.

3. Finally, "the United States Department of Justice's view is that all forms of internet gambling, including card games, are illegal under federal law, including

the Unlawful Internet Gambling Enforcement Act" (Complaint ¶15), while defendants presumably dispute that they are violating that federal statute, so "the question of federal law is substantial." *Howery, supra,* 243 F.3d at 918.

Thus, all the elements of federal subject matter jurisdiction under the *Howery* case are met here, since "a federal right is an essential element of [plaintiff's] state claim"; "interpretation of the federal right is necessary to resolve the case"; and "the question of federal law is substantial." *Id. See also Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998) (affirming district court's jurisdiction over a Section 17200 claim which was essentially a tax refund case).

Plaintiff also notes that he has both statutory and Article III standing to pursue his claim, since he is a member of defendants' website www.fulltiltpoker.com, and has gambled and lost at poker on that website, so he can show injury-in-fact through the loss of money or property, causation, and redressibility. *See* B&P Code §17204; *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

Subject matter jurisdiction therefore exists, and plaintiff respectfully asks that this case not be dismissed.

Dated: June 24, 2009 HICKS | PARK LLP

By: /s/ James B. Hicks
James B. Hicks
Attorneys for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 824 Wilshire Boulevard, Suite 200, Los Angeles, California 90017.

On June 24, 2009, I served the attached document on defendants' counsel through the Court's ECF service.

Executed on June 24, 2009, at Los Angeles, California.

**[X ]FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ Penny L. Johnson
Penny L. Johnson