1 | JAMES B. HICKS, SBN 109117
GARY W. PARK, SBN 173390
2 | HICKS | PARK LLP
824 Wilshire Blvd., Suite 200
3 | Los Angeles, California 90017
Tel.: (213) 612-0007 / Fax: (213) 612-0373
4 | Email: jhicks@hicksparklaw.com

5 | Attorneys for Plaintiff
JAMES B. HICKS

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| JAMES B. HICKS, | ) Case No. CV 09-3009 FMC (PJWx) |
| Plaintiff, | ) **PLAINTIFF'S OPPOSITION TO** |
| vs. | ) **DEFENDANTS' MOTIONS TO** |
| | ) **DISMISS AND STRIKE COMPLAINT** |
| TILTWARE, LLC, | ) |
| Defendants. | ) Date:    July 13, 2009 |
| | ) Time:    10:00 a.m. |
| | ) Ctrm:    750 |

Defendants have filed motions to dismiss and strike the plaintiff's complaint for a host of reasons, but the problem is that they did not engage in a pre-motion conference first, in violation of L.R. 7-3. Although plaintiff and defendants' local counsel met-and-conferred a while back as to whether California B&P Code Section 17200 allows a claim for violation of a federal statute, defendants did not meet-and-confer about the other issues now raised by their motions – and in fact, it was only after plaintiff reminded them of their L.R. 7-3 obligations that they tried to do so. But by then, it was past the L.R. 7-3 deadline, and plaintiff was unavailable because he was dealing with an ex parte situation in another case. Nor have defendants made any effort to meet-and-confer during the weeks since they filed their motions. Their motions can – and should – be denied for this reason alone. *See Childress v. Darby Lumber Co.*, 357 F.3d 1000, 1010 (9th Cir. 2004) (denying discovery motion where moving party failed to meet-and-confer on "all" the disputed issues).

However, rather than stand on ceremony, plaintiff plans to file an amended complaint under Fed.R.Civ.P. 15(a), so that if there are any remaining issues at that time, the parties can properly meet-and-confer under L.R. 7-3 prior to the defendants filing further motions. As a general matter, plaintiff is suing under California's Business & Professions Code §17200, which generally prohibits unfair and unlawful business practices, and permits a claim if a business practice violates some other law – in effect, "borrowing" violations of that other law and treating them as unlawful practices which are independently actionable under Section 17200. *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992). Thus, business practices that violate federal law may be redressed under Section 17200 – *Renick v. Dun & Bradstreet Receivable Mgt. Services*, 290 F.3d 1055, 1057-58 (9th Cir. 2002) – and plaintiff has both statutory and Article III standing to pursue his claim, since he is a member of defendants' website www.fulltiltpoker.com, and has gambled and lost at poker on that website, so he can show injury-in-fact through the loss of money or property, causation, and redressibility. *See generally* Plaintiff's Response to OSC dated June 24, 2009.

Under these circumstances, since plaintiff plans to file an amended complaint under Fed.R.Civ.P. 15(a), the pending motions are moot and should be denied or taken off-calendar, so that the parties can properly meet-and-confer under L.R. 7-3 prior to the defendants filing further motions.

Dated: June 29, 2009            HICKS | PARK LLP


By: _____/s/ James B. Hicks_____
                James B. Hicks
                Attorneys for Plaintiff

## PROOF OF SERVICE

**STATE OF CALIFORNIA**    )
                                 ) ss.
**COUNTY OF LOS ANGELES** )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 824 Wilshire Boulevard, Suite 200, Los Angeles, California 90017.

     On June 29, 2009, I served the attached document on defendants' counsel through the Court's ECF service.

     Executed on June 29, 2009, at Los Angeles, California.

**[X ]FEDERAL**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


                         /s/ Penny L. Johnson
                          Penny L. Johnson

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND STRIKE COMPLAINT