JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-03009-FMC-PJWx | Date | July 1, 2009 |
|---|---|---|---|
| Title | James B. Hicks v. Tiltware, LLC, et al | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**  ORDER DISMISSING CASE WITH PREJUDICE  (In Chambers)

On June 8, 2009, the Court issued an Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction, explaining that jurisdiction did not appear to arise under federal law.

On June 24, plaintiff filed his Response to the Order to Show Cause, arguing that, although 28 U.S.C. section 5365 does not authorize a private right of action, plaintiff is "borrowing" violations of that statute and asserting his claim under California Business & Professions Code section 17200.  Plaintiff cites Howery v. Allstate Ins. Co., 243 F.3d. 912, 918, (5th Cir. 2001) for the proposition that subject matter jurisdiction exists under the circumstances of this case.

Plaintiff's position has been rejected by the U.S. Supreme Court.  In Merrill Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 105 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Court held that where a federal statute did not expressly provide for a private right of action, federal jurisdiction did not exist, even if the private right of action was created by state law.  The Court concluded it would undermine congressional intent to conclude that federal courts might exercise federal question jurisdiction solely because violation of that federal statute was pursued under state law.  Id. at 812 n.10.  To the same effect, see Millers Nat'l. Ins. Co. v. Axel's Express, Inc., 851 F.2d. 267, 270-71 (9th Cir. 1988) (because plaintiff possesses no private right of action under federal law, fact that federal law might be element in state law claim is not sufficient to present federal question supporting jurisdiction.)

Plaintiff's Complaint is DISMISSED WITH PREJUDICE, for lack of jurisdiction.  Defendant's Motions to Dismiss and Strike  (Docket # 's 5 & 8) are DENIED AS MOOT.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |